**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ALASKA**

| | |
|---|---|
| CHARLES SELDON<br><br>Plaintiff,<br><br>v.<br><br>HANC HOTEL, LLC,<br><br>Defendant. | 3:25-cv-00142-ACP<br><br>**ORDER DENYING MOTION TO STAY OR DISMISS**<br>[Dkt. 21] |

HANC Hotel, LLC, again argues that it never employed Charles Seldon and therefore could not have terminated him. (*See* Dkt. 11; Dkt. 21) This time, HANC invokes Civil Rule 19. (*See* Dkt. 21) It contends that International Inn, LLC was Seldon's employer and must be joined before this employment-discrimination action can proceed. HANC requests a stay pending joinder and dismissal if Seldon refuses to add International Inn. (*See id.*)

The motion is DENIED. HANC's account of the employment relationship remains disputed. More fundamentally, HANC has not explained why that dispute prevents complete relief between the existing parties or otherwise makes International Inn a required party.

## I. BACKGROUND

According to the amended complaint, Seldon began working at the Coast Inn at Lake Hood in January 2022, when he was sixty-five years old. (Dkt. 6 at 2) He is African American and served as the hotel's Security Manager, Maintenance Manager, and Safety

Manager. (*Id.*) Seldon alleges that he suffered serious injuries in a workplace accident in October 2023 and returned to work on a reduced schedule in January 2024. (*Id.* at 3) He was still recovering when his employment ended that May. (*Id.* )

The parties disagree about HANC's role in those events. The amended complaint alleges that HANC acquired the Coast Inn in May 2024 and that its new owners met with Seldon on May 7 to discuss his continued employment. (*Id.* at 3-4) During that meeting, an owner allegedly refused to hear about Seldon's disability-related limitations. (*Id.* at 4) Two days later, Nicole Nededog, identified as HANC's Operations Manager, allegedly terminated Seldon on HANC's behalf. (*Id.*) Seldon further alleges that HANC hired a younger white employee with less experience as Maintenance Manager and offered Seldon no alternative position while retaining younger, less qualified employees. (*Id.* at 4)

HANC describes a different transition. It explains that it initially leased the hotel from International Inn and did not exercise its purchase option until fall 2024. (Dkt. 21 at 3-4) The lease identifies April 23, 2024 as its effective date, although HANC represents that the transaction became effective the following day. (Dkt. 21 at 4; Dkt. 21-2 at 1) Section 9 required International Inn to terminate its employees as of the effective date and pay specified severance liabilities and payroll sums. (Dkt. 21-2 at 6) It also provided that HANC had no obligation to offer those employees employment. (*Id.*) HANC relies on these provisions to argue that International Inn alone terminated Seldon and bears responsibility for his claims. (*See* Dkt. 21 at 4-6)

The June 9 order denying HANC's earlier motion to dismiss addressed the competing employment accounts. (*See* Dkt. 17) It held that the amended complaint

plausibly alleged that HANC made the challenged decision, and that HANC's contrary account could not be accepted on the pleadings. (*Id.* at 4-6) However, the order did not determine who actually employed Seldon or resolve successor liability. (*Id.* at 5-6)

HANC now seeks compulsory joinder. (*See* Dkt. 21) Seldon opposes the motion but alternatively requests an opportunity to join International Inn without a stay or dismissal. (Dkt. 25 at 1-2) His opposition was late. Counsel explains that he overlooked the motion among other filings and responded after receiving the September 30 text order. (Dkt. 25 at 2) That explanation is accepted, and the motion is addressed on its merits. HANC filed a reply on October 19. (Dkt. 26)

## II. LEGAL STANDARD

Rule 19 requires joinder of a person when the court "cannot accord complete relief among the existing parties" in that person's absence "or that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . impair or impede the person's ability to protect the interest or leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1).

Rule 19 provides a three-step process: first, determine whether the absent person is required, then determine whether joinder is feasible, and third, if a required person cannot be joined, determine whether the action should proceed or be dismissed under Rule 19(b). *EEOC v. Peabody W. Coal Co*., 400 F.3d 774, 779-80 (9th Cir. 2005). "An entity's status as a 'necessary' party is not judged by any prescribed formula, but instead 'can only be determined in the context of particular litigation.'" *CP Nat'l Corp. v. Bonneville Power*

*Admin.*, 928 F.2d 905, 912 (9th Cir. 1991) (quoting *Provident Tradesmens Bank and Trust Co. v. Patterson*, 390 U.S. 102, 118 (1968)).

## III. DISCUSSION

### A. Complete relief is available between Seldon and HANC.

HANC's principal argument begins with a disputed premise. It asserts that International Inn was the only entity that "legally or logically could have terminated" Seldon and concludes that relief cannot be afforded without International Inn. (Dkt. 21 at 3) Seldon responds that this is a merits defense: if HANC acted unlawfully, relief can run against HANC; if HANC establishes that it bears no liability, it may prevail. (Dkt. 25 at 12) Seldon has the better argument.

The amended complaint challenges HANC's own alleged conduct. It alleges that HANC's owners met with Seldon concerning continued employment, rebuffed his attempt to discuss his disability, and then terminated him through a HANC manager. (Dkt. 6 at 4) The claims seek relief from HANC for that conduct. (*Id.* at 6-9) Whether Seldon can prove those allegations remains to be seen. But the possibility that HANC may defeat them does not make relief between these parties incomplete. Rule 19 does not require Seldon to prevail. It requires consideration of whether the existing dispute can be resolved without the absent party.

The lease does not bridge that gap. Section 9 establishes contractual responsibilities for the transition, including International Inn's duty to terminate its employees. (*See* Dkt. 21-2 at 6) A promise to terminate employees, however, does not establish who actually made the termination decision or on whose behalf. Nor does the absence of a contractual

obligation to offer employment establish that HANC never employed Seldon. Those are different propositions. Indeed, a separate provision assigns HANC responsibility for operating and managing the premises. (Dkt. 21-2 at 8). This provision is consistent with its involvement in staffing decisions, even though it does not itself establish an employment relationship with Seldon.

HANC's disclosures identify participants in the disputed events without resolving their legal significance. They identify Gosal and Johal as attendees at the meeting and participants in decisions about the personnel positions HANC would use to operate the hotel. (Dkt. 25-1 at 6) They also identify International Inn as possessing information about Seldon's employment and termination. (*Id.* at 4) That information may matter to the merits. But its relevance does not establish that International Inn must be a defendant.

The earlier order did not decide the Rule 19 question. And the present motion fails for more than the existence of disputed facts. Even considering the lease and disclosures, HANC has not identified an obstacle to resolving its liability to Seldon in International Inn's absence. HANC states it does not intend its motion to test the truth of the complaint's allegations, but it also supplies no basis to decide the disputed employment relationship at this point. (Dkt. 21 at 2 n.3)

The requested remedies do not require a different result.

Seldon seeks damages, reinstatement or alternatively front pay, and an injunction against future discrimination. (Dkt. 6 at 9) Any damages for HANC's own unlawful conduct can be awarded against HANC. The equitable relief sought concerns employment with HANC and HANC's future conduct. HANC identifies no act International Inn would

have to perform to make that relief effective, nor any contractual right International Inn could enforce to defeat it. Obviously, whether Seldon ultimately establishes entitlement to any particular remedy is not a question presented or resolved here.

*Peabody* is illustrative of the missing connection. There, the discrimination suit challenged a hiring preference required by a lease with the absent Navajo Nation. *Peabody,* 400 F.3d at 776. There, an injunction against the employer could leave the Navajo Nation free to enforce the very preference the injunction prohibited. *Id.* at 780. Here, Seldon does not seek to invalidate Section 9 or compel International Inn's performance. And the provision allowing HANC to decline employment does not require it to exclude Seldon. (*See* Dkt. 21-2 at 6) As such, HANC has identified no comparable conflict between the requested relief and International Inn's contractual rights.

HANC's concern about repetitive litigation is a valid one and it deserves separate consideration. It argues that both existing parties may otherwise have to pursue International Inn for violations of employment law or breaches of the lease. (Dkt. 21 at 7) Resolving related disputes together may be efficient. But, in order to achieve its aim sought in the motion, HANC must still show why International Inn is required in this action.

*CP National* does not dispense with that showing. There, the absent agency's challenged action was central to the proceeding, and excluding the agency threatened a second suit duplicating the first in order to reach the merits. *CP Nat. Corp.*, 928 F.2d at 911-12. Here, the challenged conduct is attributed to HANC. A possible claim concerning International Inn's own conduct or its contractual responsibilities is related to this case, but

HANC has not shown that resolving that claim is necessary to reach the merits in this case and afford relief between Seldon and HANC.

Nor does *Boon v. Allstate Insurance Co*., 229 F. Supp. 2d 1016 (C.D. Cal. 2002), support HANC's broader position. The passage HANC cites concerned discretionary post-removal joinder under 28 U.S.C. § 1447(e), a standard the decision distinguished from Rule 19. *Boon*, 229 F. Supp. 2d. at 1022. In fact, *Boon* concluded that the proposed indemnity defendant was not required to adjudicate the claims against the insurer and its agent. *Id*. at 1022-23. The prospect of another related lawsuit did not require joinder there. It does not require it here either.

**B. HANC has not shown impaired interests or inconsistent obligations.**

HANC also asserts that International Inn has an interest in the disputed claims and obligations to both existing parties. (Dkt. 21 at 7) But that assertion does not establish either ground under Rule 19(a)(1)(B).

International Inn has not appeared to claim an interest. Even assuming the lease supplies a relevant interest, HANC has not explained how adjudicating the matter now before the court, with the parties now involved, would practically impair International Inn's ability to protect that interest. Importantly, Seldon does not seek rescission of the lease, a declaration that International Inn breached it, or relief compelling International Inn to act. (*See* Dkt. 6 at 9) While the lease provides context for the disputed events, its presence in the record does not transform this action into one to adjudicate International Inn's contractual liability.

At the same time, Seldon goes too far in suggesting that limiting a judgment to the existing parties necessarily eliminates prejudice to an absent person. (Dkt. 25 at 14) Rule 19 addresses practical impairment and is not limited to a formal binding effect. But HANC identifies no such impairment here beyond the possibility that related claims may later be asserted against International Inn.

HANC's inconsistent-obligations argument is equally undeveloped. HANC has not identified a concrete conflict between a potential judgment and an obligation owed to International Inn. A judgment against HANC on the claims advanced in the amended complaint would not, on the showing made, require HANC to violate the lease. And a later dispute over International Inn's obligations would not, by itself, subject HANC or International Inn to incompatible commands. While Overlapping litigation is possible, HANC has not demonstrated the substantial risk of "double, multiple, or otherwise inconsistent obligations" that Rule 19(a)(1)(B)(ii) requires.

**C. Neither a stay nor dismissal is warranted.**

Because HANC has not established that International Inn is a required party, the analysis ends at Rule 19(a). There is no occasion to balance the Rule 19(b) factors or order Seldon to amend his complaint. HANC's request to stay this case pending compulsory joinder fails for the same reason. It identifies no separate, concrete need to suspend proceedings. (*See* Dkt. 21)

HANC's request for dismissal lacks its stated foundation because it is conditioned entirely on Seldon refusing to join International Inn. (Dkt. 21 at 8) Seldon has not refused. He expressly requests the opportunity to join International Inn if joinder is required. (Dkt.

25 at 1-2) That alternative request does not concede necessity, and it provides no basis for dismissal.

This ruling resolves the joinder issue raised by HANC. Whether HANC employed Seldon, made an unlawful employment decision, or bears successor liability remains unresolved. As do any separate contractual rights between HANC and International Inn.

## IV. CONCLUSION

HANC's Motion to Stay or Dismiss Case Unless International Inn, LLC Is Joined as a Party at Docket 21 is **DENIED**.

IT IS SO ORDERED.

DATED October 28, 2026, at Anchorage, Alaska.

/s/ *Aaron Christian Peterson*
Aaron Christian Peterson
United States District Judge